UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BELINDA HENDERSON                          CIVIL ACTION

VERSUS                                     NO: 17-1308
                                           c/w: 17-7504
                                           re: all

DAMON GHOLAR ET AL                         SECTION "H"(4)


## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff Belinda Henderson (Doc. 14). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This action arises out of a motor vehicle accident that took place on March 7, 2016. Belinda Henderson alleges that her vehicle was struck from behind by a truck owned by Knight Transportation Services, Inc. ("Knight") and driven by Damon Gholar.[1]

On February 13, 2017 Knight sued Henderson in state court to recover $959.63 it claimed to have overpaid Henderson in compensation for damage to her vehicle. Knight asserted claims for fraud, intentional misrepresentation,

---

[1] Doc. 2 at 2–3.

1

negligent misrepresentation, conversion, and unjust enrichment.[2] On February 22, 2017 Henderson sued Knight in this Court for personal injury and property damage arising from the car accident.[3] Henderson's case is Civil Action No. 17-1308. On July 21, 2017 Henderson answered Knight's state action, asserting a reconventional demand against Knight that consisted of the same claims Henderson made in this Court as well as a claim for defamation.[4] On August 4, 2017 Knight removed the state court action to this District Court and received the designation Civil Action No. 17-7504.[5] The removed case was subsequently transferred to this section and consolidated with Henderson's federal action.[6]

Henderson now moves to remand on the grounds that Knight, as plaintiff in the state court action, did not have the statutory authority to remove the case. Knight opposes the Motion, arguing that it removed as defendant-in-reconvention.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[7] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[8] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[9] "In making a jurisdictional assessment, a federal court is

---

[2] No. 17-7504 Doc. 2-2.
[3] Doc. 2.
[4] No. 17-7504 Doc. 2-12.
[5] No. 17-7504 Doc. 1.
[6] Doc. 12.
[7] 28 U.S.C. § 1441(a).
[8] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[9] *Id.*

2

not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[10] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[11]

## LAW AND ANALYSIS

The federal removal statute states that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court."[12] Congress's use of "defendant" is restrictive, contracting removal power that was previously granted to any party.[13] A plaintiff may not remove on the basis of a reconventional demand or counter-claim.[14] Here, Knight Transportation removed a state court action that it originally filed as a plaintiff. Because Knight is not a defendant in that action, it does not have removal power. Accordingly, Civil Action No. 17-7504 is severed and remanded.

Henderson appears to request that the entire consolidated action be remanded, including Civil Action No. 17-1308 that Henderson herself filed in this Court. However, Knight's lack of power to remove Knight's state suit has no bearing on Henderson's federal suit. Henderson cites no authority stating otherwise.

---

[10] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[11] *Manguno*, 276 F.3d at 723.
[12] 28 U.S.C. § 1441.
[13] *See* Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104–06 (1941).
[14] *See* In re Crystal Power Co., Ltd., 641 F.3d 78, 81 (5th Cir.), *opinion withdrawn and superseded on reh'g on other grounds*, 641 F.3d 82 (5th Cir. 2011) (explaining the holding of *Shamrock Oil*).

## CONCLUSION

For the foregoing reasons, Plaintiff Henderson's Motion to Remand is GRANTED. Civil Action No. 17-7504 is severed and remanded.

New Orleans, Louisiana this 3rd day of October, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**